UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
OCT 1 1 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-529-GWU

DOUGLAS D. VANOVER,             PLAINTIFF,

VS:            MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT,

INTRODUCTION

Douglas Vanover brought this action to obtain judicial review of an unfavorable administrative decision on his application for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Vanover, a 28 year-old former cook, night watchman, assembler and company laborer with a "limited" education, suffered from impairments related to hypothyroidism (being status post thyroid cancer and surgery), a history of back pain, a depressive disorder and a polysubstance abuse (in remission). (Tr. 14, 17). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 21-22). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 22). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 22).

After review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert William Ellis included an exertional limitation to medium level work, along with such non-

exertional restrictions as (1) an inability to more than occasionally reach with the right hand; (2) a limitation to work involving only simple, routine and non-detailed tasks; (3) a limitation to work where public and co-worker contact is casual and infrequent; (4) a limitation to jobs involving direct and non-confrontational supervision; and (5) a limitation to jobs where changes in the work force are infrequent and gradually introduced. (340-341). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 342). Therefore, assuming that the vocational factors considered by Ellis fairly depicted Vanover's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical restrictions of the hypothetical question, the undersigned finds no error. Dr. Mark Burns, an examining consultant, opined that the plaintiff would be restricted from lifting more than 50 pounds occasionally and 20 pounds on a frequent basis. (Tr. 306). The hypothetical question was fully consistent with this opinion. More severe physical restrictions were not indicated by such treating and examining sources as the staff at the Kentucky Clinic at the University of Kentucky (Tr. 135-141, 310-332), Dr. Mark Carter (Tr. 147-150), Dr. Hughes Helm (Tr. 151-156), and the staff at Appalachian Regional Healthcare (Tr. 228-251, 287-299). Dr. Humilidad Anzures (Tr. 163) and Dr. Lynell Dupont (Tr. 164), the non-examining medical reviewers, each opined that Vanover's physical problems were "less than severe." These reports provide substantial evidence to support this portion of the administrative decision.

Vanover argues that the ALJ erred in failing to find that impaired vision in his right eye was a "severe" impairment and that the omission of any functional restrictions relating to this problem was reversible error. Dr. Burns noted that the

6

plaintiff complained of problems with vision in the right eye upon physical examination. (Tr. 301). However, the examination revealed that the pupils were equal, round and reactive to light. (Tr. 301). Extraocular movements were intact. (Tr. 301). Dr. Burns specifically indicated that seeing was not impaired. (Tr. 303). Dr. Carter diagnosed impaired vision (Tr. 149), but did not impose any functional restrictions related to the condition.[1] The mere diagnosis of a condition does not prove its severity and its disabling effects must still be shown. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). Therefore, under these circumstances, the Court finds no error in the ALJ's failure to include a vision-related restrictions in the hypothetical question.

Vanover also asserts that the ALJ should have included precautionary limitations concerning exposure to heights and being around moving machinery due to his complaints of dizziness. The plaintiff reported this problem with dizziness to Dr. Burns. (Tr. 301). However, the physician did not find that it was a sufficient problem to require the aforementioned restrictions. The undersigned finds that the ALJ could reasonably defer to Dr. Burns' judgment on this issue. Therefore, the Court finds no error.

The ALJ also dealt properly with the evidence of record relating to Vanover's mental status. Psychologist Phil Pack examined the plaintiff and opined that he had an "unlimited" ability in such areas as (1) understanding, remembering and following instructions; (2) sustaining attention to perform repetitive tasks; (3) relating to others, including fellow workers and supervisors; and (4) adapting to the stress and pressures of day-to-day work activity. (Tr. 161). Psychologist Jay Athy, a non-examining medical reviewer, opined that the

---

[1] Not only was no etiology for the vision loss noted by Dr. Carter, but also no "best corrected" vision was given, making it unclear if the condition was remediable.

7

claimant's mental problems were not "severe." (Tr. 165). The mental limitations presented to Ellis were compatible with these opinions.

Vanover asserts that the ALJ erred in failing to include a limitation to low stress work in the hypothetical question. He notes that this limitation was suggested by the report of Dr. Chintamani Vora (Tr. 146) and that the ALJ himself indicated that he credited this restriction (Tr. 19). Even though the term "low stress work" was not specifically presented to Ellis, the extensive restrictions regarding simple, non-detailed tasks in an environment with non-confrontational supervision with limited interaction with others and where work place changes were infrequent and gradually introduced would effectively make these jobs "low stress." More significantly, Dr. Vora was a one-time examiner whose opinion on the issue of exposure to stress was specifically contradicted by the equally-placed Pack. Pack's opinion was sufficient to support the administrative decision. Therefore, under these circumstances, any error would appear harmless.

Vanover argues that the ALJ erred in failing to properly consider the criteria for Listing of Impairments Sections 9.02, relating to thyroid disorders and 13.06, relating to lymph nodes, which were raised by his representative at the administrative hearing. The plaintiff complains that the ALJ merely stated that he had considered these Listing sections and found that neither was met or equaled (Tr. 17) and asserts that further reasoned analysis was required. However, the Court notes that the ALJ did extensively discuss the medical evidence, particularly noting the modest findings made by Dr. Burns in those portions of the text immediately before this statement. (Tr. 15-17). This discussion clearly indicates the reasons why the ALJ did not find that these Listing Sections were met or equaled. Furthermore, the undersigned notes that the claimant's

8

representative merely cited these Listing Sections at the hearing and presented no specific arguments as to how these Sections had been met or equaled. (Tr. 369). Vanover also does not present specific arguments as to why these Sections are met or equaled in the Memorandum of Law presented to the Court. Therefore, the undersigned must reject the plaintiff's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the __/ /__ day of October, 2006.

G. WIX UNTHANK
SENIOR JUDGE